O’Nealk, J.,
dissenting. I think it is clear and undeniable law, that to maintain trover for a chattel, there must be a right of possession and property, or a right of possession alone. This principle has the sanction of Bell v. Monahan, decided December term, 1837, (Dud. Rep. 38.)
In the case before us, the plaintiff sold the mare to Massey, in whose possession she was found by the- defendant. The verbal condition annexed to the sale was, that she was to remain the property of the plaintiff until paid for. Admit for the present that by this contract the property remained in the plaintiff still another had the possession, and had the right to retain it, until there was a demand of payment of the debt and a failure to pay. No such evidence was given, and hence the defendant, a constable, might well sell Massey’s interest, and the plaintiff against him had no cause of action. But independent of this view, I am not satisfied with the decision in the cases of Reeves v. Harris, and Bailey v. Jennings, 1 Bail. 583, on which the decision below in this case is based. I never have thought that a verbal condition could be annexed to the sale of a chattel, which would bind any except the parties. This is as far as the case of Harrington v. Dupree goes. The cases of Reeves v. Harris, and Bailey v. Jennings proceed upon the notion, that the vendor, by the condition agreed upon between him and the vendee, retains the right of property. But this is not in my judgment a legal view. The sale is complete when possesion is delivered. Conditions accompanying it are merely a *429 contract between the vendor and vendee. To give any other construction would allow a verbal mortgage to be set up, which is certainly carrying the law a great way beyond any principle which I have understood to be recognised in equity. A chattel may be pledged; but that is done by delivery of possession in fact as well as by word of mouth. The decision in Reeves v. Harris, and Bailey v. Jennings, is certainly at war with the whole current of decisions before those cases were decided, and has not been confirmed by any subsequent decision, or by any settled practice following their rule. U nder these circumstances, and the feeling that the principle adjudged by those cases, is an unsafe one, I am notwithstanding my unfeigned respect for the talents, learning and virtues of the judges who decided those cases, constrained to say, that I think that decision should be overruled, and declared not to be law.
Bütlee, J. concurred with Mr. Justice O’Neall.